JAMES DAL BON Bar No. 157942
LAW OFFICES OF JAMES DAL BON
606 N. 1st St.
SAN JOSE, CA 95112
(408) 466 – 5845

jdb@wagedefenders.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO ALCANTARA<br><br>Plaintiff,<br><br>vs.<br><br>JACKSON JOSEPH PURAYMPALLIL<br><br>INDIVIDUALLY AND DBA WHIPPLE<br><br>TAQUERIA, JOHNSON PURAYMPALLIL<br><br>INDIVIDUALLY AND DBA WHIPPLE<br><br>TAQUERIA          Defendant(s) | Case No.:<br><br>COMPLAINT & DEMAND FOR JURY TRIAL<br>Federal FLSA Claim:<br>1. Failure to pay overtime: 29 U.S.C. §§ 207, 216(b), and 255(a);<br>California State Claims:<br>2. Failure to pay overtime and for all hours worked (California Labor Code §§ 510, 1194(a);<br>3. Failure to Provide Accurate Pay Stubs and Records (California Labor Code §§ 226)<br>4. Failure to Pay Wages Due at End of Employment and Waiting Time Penalties (California Labor Code §§ 201, 203);<br>5Denied Meal Period Violation Cal. Lab. Code §226.7<br>6. Denied Rest Period Violation Cal. Lab. § 226.7<br>7. Violation of California Business and Professions Code §§ 17200 |

NATURE OF CLAIM

1. This is an action by Plaintiff, who worked in the restaurant business against his employers

for unpaid overtime wages, unpaid wages, interest, penalties, damages and attorneys' fees and

COMPLAINT

costs arising out of the failure to pay all wages for labor discharged including but not limited to overtime wages as required by the Fair Labor Standards Act and California law. Defendants are Jackson Joseph Puraympallil Individually and dba Whipple Taquería and Johnson Puraympallil Individually and dba Whipple Taquería. Both Defendants are joint employers. Plaintiff seeks compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), waiting time penalties under California Labor Code § 203, penalties under California Labor Code § 226 (wage stub violations), missed meal periods and rest breaks under Cal. Lab. Code § 226.7, Unfair Business Practices Cal. Bus & Prof. Code §17200 et seq, attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code §1194(a) and 29 U.S.C. § 216(b).

2. Plaintiff's claims can be summarized as follows:

    (a)    Improper Payment of Wages: Failure to pay overtime wages: When Plaintiff, worked more than 40-hours in a week (FLSA), Defendants did not always pay them their wages for all hours worked at an overtime rate of pay.

    (b)    California Daily Overtime: Plaintiff was required to work over 8 hours a day on a regular basis, but was not paid one and one-half of his regular rate for the hours worked more than 8 hours a day, as required by California Labor Code § 510.

    (c)    Wages Due Within Seventy-Two Hours of Leaving Employment Cal. Lab. Code § 203 Defendants failed to pay the Plaintiff within 72 hours of leaving his employment and have not paid him all wages owed to him up to today's date of employment. Under Cal. Lab. Code § 203

COMPLAINT

Defendants owe the Plaintiff 30 days of pay.

(d)     Wage Stub Violations: Plaintiff was paid with wage stubs that listed the incorrect number of hours worked. Defendants instigated a scheme to reduce hours to not pay overtime and to avoid worker compensation.

(e)     Rest and Meal Period Violations Cal. Lab. Code § 226.7 Defendants provide the Plaintiff with a 10-minute break within the four hours of work or a 30-minute break within the first six hours of employment.

(f)     Unfair Business Practices Bus & Prof. Code § 17200 In committing the violations of wage law the Defendants gained an unfair advantage over employers that followed the law and paid their employees overtime and double time wages.

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

4. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court. Defendants' gross sales meet the jurisdictional minimum of the Fair Labor Standards Act and their business involves products that move through interstate commerce.

## PARTIES

5. Plaintiff Antonio Alcantara (hereinafter Plaintiff) was, and at all relevant times herein is, an individual over the age of eighteen employed by Defendants during the statute of limitations in this action.

COMPLAINT

3

6. Defendant Jackson Joseph Puraympallil is an individual doing business as Whipple Taqueria in Union City, Alameda County the State of California.

7. Defendant Johnson Puraympallil is an individual doing business as Whipple Taqueria in Union City, Alameda County the State of California.

8. Plaintiff is informed and believes and therefore alleges, that always mentioned herein Defendants Jackson Joseph Puraympallil Individually and dba Whipple Taquería and Johnson Puraympallil Individual y and dba Whipple Taquería. (hereinafter collectively referred to as Defendants) are engaged in the restaurant business in Northern California particularity in Union City Alameda County.

9. At all times mentioned in the complaint the Defendants jointly owned and operated a restaurant located in Union City Alameda County named Whipple Taqueria.

GENERAL ALLEGATIONS

10. Defendants employed Plaintiff at all relevant times within the statute of limitations for this action in the restaurant business which is covered under California law under the California Wage Order 5-2001.

11. Defendants did not properly record all the hours worked by Plaintiff under the FLSA.

12. Defendants employed the Plaintiff from approximately November 20, 20111 until December 5, 2016 as a nonexempt manager.

13. Plaintiff performed the following non-exempt duties: he cooked food, ran the cash register and cleaned the restaurant. Jackson Joseph Puraympallil Individually and dba Whipple Taquería and Johnson Puraympallil Individually and dba Whipple Taquería.

14. Defendants paid the Plaintiff per hour, his final wage rate equaled $14.00 per hour.

COMPLAINT

4

15. Defendants kept track of the Plaintiff's hours using a punch clock that stamped a time card with the hour the Plaintiff entered the restaurant and left the restaurant.

16. The Plaintiff worked six days a week usually from when the restaurant opened at 9:00 am until the restaurant closed at 10:00 pm.

17. Defendants paid the Plaintiff for approximately twenty hours of his work per week in check and the rest in cash.

18. Defendants paid the Plaintiff at his regular rate of pay for all the hours he worked even when he worked more than eight hours in one day or forty hours in one week.

19. The paystubs listed only the approximately twenty hours per week paid by check.

20. The Defendants did not take any deductions from the cash payments nor provide the Plaintiff with a paystub for the cash payments.

21. The Defendants did not provide the Plaintiff with a 30-minute duty free lunch break dur the first six hours of his work day.

22. The Defendants did not provide the Plaintiff with two paid ten-minute rest breaks when he worked for eight hours or more.

23. The Defendants willfully violated failed to pay the Plaintiff overtime wages, paying him in cash to hide that they did not pay him at the overtime rate of pay when he worked more than eight hours in one day or forty hours in one week.

24. The Defendants were directly responsible for the Plaintiff's working condition in that they set his rate of pay, his work hours and directly and indirectly supervised his work.

COMPLAINT

# COUNT ONE

## Violation of the Fair Labor Standards Act

## 29 U.S.C. §§ 207, 216(b), and 255(a)

## Failure to Pay Overtime Wages and Minimum Wages

25. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-24 as if fully stated herein.

26. At all relevant times, herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

27. The Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

28. Defendants routinely required and/or suffered or permitted Plaintiff to work more than forty hours in one week.

29. The Defendants failed to pay the Plaintiff overtime wages at 1.5 his regular hourly rate of pay for the hours the Plaintiff worked more than forty in one week.

30. In failing to pay Plaintiff overtime wages at one-and-one-half times their regular rate of pay, Defendants willfully violated the FLSA.

31. As a direct and proximate result of Defendants' failure to pay the Plaintiff's proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages in the approximate amount of: $43,958.00

32. Defendants intentionally, with reckless disregard for its responsibilities under the FLSA, and without good cause, failed to pay Plaintiff his proper wages, and Defendants are thus liable to Plaintiff for liquidated damages in an amount equal to his lost wages over a three-year statute

COMPLAINT

of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

33. Plaintiff was required to retain legal assistance to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA.

COUNT TWO

PENDENT STATE CLAIM

Violation of California Labor Code §§ 510, 1194, & 1197

Failure to Properly Pay Overtime Wages

34. Plaintiff hello re-alleges and incorporates the allegations of paragraphs 1-24 as if fully stated herein.

35. At all times mentioned herein, the Defendants were subject to the overtime wage laws of the State of California pursuant to Labor Code §510, regarding work undertaken for Defendants. Pursuant to Labor Code §510, Defendants had a duty to pay its employees, including Plaintiff, who worked in the restaurant business not less than the one and one-half times his contractually agreed upon regular rate of pay for all hours worked more than 8 hours a day and 40 hours a week.

36. Pursuant to Labor Code § 1194, for his work for Defendants, Plaintiff seeks as earned but unpaid overtime wages in the approximate amount of: $47,708.00

37. Plaintiff is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

38. Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorneys' fees and costs as set by the court pursuant to California Labor Code § 1194.

COMPLAINT

COUNT THREE

PENDENT STATE CLAIM

California Labor Code § 226

Wage Stubs and Record Keeping

39.  Plaintiff re-alleges and incorporates the allegations of paragraphs 1-24 as if fully stated herein.

40. At all times, relevant hereto, Defendants were subject to the provisions of California Labor Code §§ 226, which requires an employer to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages is made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

41. Defendants knowingly and intentionally failed to provide Plaintiff, with accurate, itemized wage statements in compliance with Labor Code §226.  Such failures in Defendants itemized wage statements including, among other things, not accurately showing the actual hours worked or rate for overtime hours worked and amount of overtime pay, in each pay period and/or incorrectly reporting gross wages earned.

42. As a direct result of Defendants conduct, Plaintiff was provided with inaccurate paystubs. The Plaintiff is entitled to recover an amount of $4000 at trial for actual damages under §226

43. Plaintiff has incurred, and will continue to incur attorney fees in the prosecution of this action which Plaintiff also prays for as damages under §226.

COMPLAINT

## COUNT FOUR

### California Labor Code Section 203

### Waiting Time Penalties

44. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-24 as if fully stated herein.

45. At the time, Plaintiff's employment at Defendants' construction business was terminated, Defendants owed Plaintiff certain unpaid overtime wages as previously alleged, and such wages owed to Plaintiff were ascertainable at the time of termination.

46. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days' wages, as provided for in Labor Code § 203.

47. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making each such Defendants liable to Plaintiff for penalties equal to thirty (30) days wages in the amount of approximately: $3360.

## COUNT FIVE

### Failure To Provide Meal Periods

### (Labor Code §226.7)

48. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-24 as if fully stated herein.

49. Defendants failed to comply with the requirement under Cal. Lab. Code § 226.7 and Wage Order No. 5-2001 § 11 regarding meal periods. Plaintiff was not afforded meal periods as

COMPLAINT

required by California law, since meal periods were not scheduled, Plaintiff was routinely required to work without thirty minute, uninterrupted meal periods, and Plaintiff was not compensated for missed meal periods.

50. California Labor Code §226.7 states: (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

51. California Wage Order No. 5-2001 § 11 provides that "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee."

52. Plaintiff did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from Plaintiff was not willfully obtained or voluntarily agreed to, but rather was a condition of employment or part of an unlawful contract of adhesion

53. Plaintiff was scheduled and required to work for periods of more than six hours without an off-duty meal period of at least 30 minutes, and Defendants violated California law by failing to comply with the meal period requirements mandated by Labor Code §226.7 and the applicable Wage Orders.

54. As such, Defendants are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided in the amount of approximately: $13,011.

COUNT SIX

Failure To Provide Rest In Periods Or Compensation In Lieu Thereof

(Labor Code § 226.7)

COMPLAINT

55. Plaintiff incorporates paragraphs 1-24 as though fully set forth herein.

56. Defendants failed to comply with the requirement under California law regarding rest periods. Plaintiff was not afforded rest periods as required by California law, since rest periods were not scheduled, Plaintiff was routinely required to work without 10 minute, uninterrupted paid rest periods, and Plaintiff was not compensated for missed rest periods.

57. California Labor Code §226.7 states: (a) No employer shall require any employee to work during any meal or rest period mandated ban applicable order of the Industrial Welfare Commission.

58. California Wage Order No. 5-2001 § 12 Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

59. Plaintiff did not voluntarily or willfully waive rest periods. Any express or implied waivers obtained from Plaintiff was not willfully obtained or voluntarily agreed to, but rather was a condition of employment or part of an unlawful contract of adhesion.

60. Plaintiff was scheduled and required to work for periods of more than 4 hours without an off-duty paid rest period of at least 10 minutes, and Defendants violated California law by failing to comply with the rest period requirements mandated by Labor Code §226.7 and the applicable Wage Orders. As such, Defendants are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided in the amount of approximately: $13,011.00.

COMPLAINT

## COUNT SEVEN

## Unfair Business Practices

## Violation of California Business and Professions Code §§ 17200

61. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-24 as if fully stated herein.

62. At all times, relevant herein, Plaintiff's employment with Defendants was subject to FLSA, California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain overtime for work performed more than 40 hours per week or 8-hours in a day.

63. At all times relevant herein, the employer of the Plaintiff, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiff, including members of the general public, certain overtime pay as required by applicable state and federal laws, to all of which Plaintiff, including members of the general public, were legally entitled, with   Defendants keeping to themselves  the amount which should have been paid to Plaintiff, including members of the general public.

64. In doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and the FLSA, and thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who followed the law.

65. As a direct and proximate result of Defendants' violations and failure to pay the required overtime pay, the Plaintiff's rights under the law were violated and the Plaintiff, including members of the public, incurred general damages under Cal. §§ 510, 1194 in the form of unpaid

overtime wages in amount of $47,708.00

66. Plaintiff, including members of the public, having been illegally deprived of the regular wages, overtime wages, and premium pay to which they were legally entitled, herein seek restitution of such unpaid wages pursuant to the Business and Professions Code §17203.


PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief: as so complementary

1. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an approximate amount of $47,708.00;

2. For liquidated damages per the FLSA equal to unpaid overtime wages in an approximate amount of $43,958.00;

3. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an approximate amount of $47,708.00;

4. For waiting time penalty damages of thirty days' wages to Plaintiffs, pursuant to California Labor Code § 203 in an approximate amount of $3360;

5. Damages and penalties for inadequate pay statements pursuant to California Labor Code Section 226 in an approximate amount of $4000;

6. Damages and penalties of one hour premium pay for each missed meal period pursuant to California Labor Code Section 226.7 in an approximate amount of $13,011.00;

7. Damages and penalties of one hour premium pay for each missed rest period pursuant to California Labor Code Section 226.7 in an approximate amount of $13,011.00;

8. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

9. Plaintiff asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

COMPLAINT

10. For costs of suit herein; and

11. For such other and further relief as the Court may deem appropriate.

March 29, 2017

*James Dal Bon*
JAMES DAL BON Bar No.
157942
LAW OFFICES OF JAMES
DAL BON
606 N. 1st St.
SAN JOSE, CA 95112
(408) 466 – 5845

COMPLAINT

LAW OFFICES OF JAMES DAL BON
606 N. 1st St.
SAN JOSE, CA 95112
(408) 466 – 5845

jdb@wagedefenders.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO ALCANTARA | Case No.: |
| Plaintiffs, | JURY TRIAL DEMAND |
| vs. | |
| JACKSON JOSEPH PURAYMPALLIL | |
| INDIVIDUALLY AND DBA WHIPPLE | |
| TAQUERIA, JOHNSON PURAYMPALLIL | |
| INDIVIDUALLY AND DBA WHIPPLE | |
| TAQUERIA          Defendant(s) | |

PLAINTIFF demands a jury trial.

March 29, 2017

*James Dal Bon*
JAMES DAL BON

28 North 1st Street Suite 210
San Jose, CA 95113

COMPLAINT

15